FILED
2018 Jun-15 PM 12:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A



AlaFile E-Notice

20-CV-2018-900150.00

To: JOHN GRIFFIN WATTS
john@wattsherring.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

BRAD CARTER ET AL V. CALIBER HOME LOANS, INC.
20-CV-2018-900150.00

The following complaint was FILED on 5/16/2018 8:09:06 AM

Notice Date:    5/16/2018 8:09:06 AM

NANCY L. HEARN
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511

ELECTRONICALLY FILED
5/16/2018 8:09 AM
20-CV-2018-900150.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case 20<br>Date of Filing: 05/16/2018   Judge Code: |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA**
**BRAD CARTER ET AL v. CALIBER HOME LOANS, INC.**

**First Plaintiff:** ☐ Business  ☑ Individual   **First Defendant:** ☑ Business  ☐ Individual
                    ☐ Government ☐ Other                              ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT        O ☐ OTHER
             R ☐ REMANDED              T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** WAT056         5/16/2018 8:09:02 AM         /s/ JOHN GRIFFIN WATTS
                                  Date                         Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED



ELECTRONICALLY FILED
5/16/2018 8:09 AM
20-CV-2018-900150.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| BRAD CARTER, an individual, ) | |
| LEA ANNE CARTER, an individual, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | Civil Action No.: |
| v. ) | |
| ) | |
| CALIBER HOME LOANS, INC., a ) | |
| Corporation; and Fictitious defendants A-Z ) | **JURY DEMAND** |
| are those defendants who caused or are ) | |
| responsible for the harm done to Plaintiffs. ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT

**COME NOW** the Plaintiffs Brad Carter and Lea Anne Carter (hereinafter "Plaintiffs") and file this Complaint against Defendants:

### JURISDICTION AND VENUE

1. This is an action brought by a consumer for violations of the Real Estate Settlement Procedures Act[1], 12 U.S.C. § 2605 ("RESPA"), the Truth in Lending Act 15 U.S.C. § 1601 et seq. ("TILA") and state law by the Defendants including an **illegally scheduled foreclosure on May 16, 2018**.

2. This lawsuit is also brought under the authority of Plaintiffs' Mortgage – the very paragraph 24 that Defendants seek to use to foreclose expressly gives Plaintiffs the right to bring this court action to assert defenses.

3. Venue is proper in this Court as all Defendants do business in this County.

---

[1] Any reference to TILA or RESPA or any part thereof encompasses all relevant parts and subparts thereto.

## PARTIES

4. The Plaintiffs, Brad Carter and Lea Anne Carter, (hereinafter "Plaintiffs"), are natural persons who reside within this County.

5. Defendant Caliber Home Loans, Inc. ("Defendant" or "Caliber Home Loans") in this action is a foreign corporation doing business in this County, and is considered a "servicer" and a "creditor" under RESPA and TILA.

6. Fictitious defendants A-Z are those defendants who caused or are responsible for the harm done to Plaintiffs. Any reference to "Defendant" or "Defendants" or "Caliber Home Loans" includes all fictitiously described Defendants as well.

## FACTS

7. RESPA and TILA apply to Defendants[2] and to the loan at issue in this case which is secured by the residence of Plaintiffs at 2107 Jennifer Avenue, Muscle Shoals, Alabama 35661.

8. Defendants are collecting on this debt illegally including the fact that the Defendants have **scheduled an illegal foreclosure on May 16, 2018**.

9. At some point Defendant Caliber Home Loans began to allegedly service or own the loan.

10. After Defendants allegedly took over the loan, they decided to take Plaintiffs' house in an illegal foreclosure sale.

11. No proper default letter was sent as required by the mortgage to do a foreclosure.

12. No proper acceleration letter was sent as required by the mortgage to do a foreclosure.

13. No copy of the foreclosure ad was sent to Plaintiffs as required by the law.

---

[2] Defendants have acted jointly and as agents for each other such that Plaintiffs refer to the Defendants collectively.

14. One reason no notices were sent and mortgage statements have not been sent is Caliber Home Loans refuses to use the property address. Instead, Caliber (and its foreclosure counsel Sirote & Permutt, PC) use Plaintiffs' old address even though Caliber and its foreclosure counsel have the property address where Plaintiffs live.

15. This is also the address where the mortgage requires notices to be sent.

16. Caliber refuses to send the notices to the required address.

17. Defendants have committed illegal dual tracking, including scheduling a foreclosure while loss mitigation was being considered or should be considered.

18. Defendant Caliber Home Loans has failed to follow the regulations that are a condition precedent to acceleration and foreclosure as required by the mortgage.

19. Defendants refused to properly offer loss mitigation options and properly review loss mitigation requests/applications as required by RESPA.

20. This is not an oversight or a mistake on the part of Defendants but instead is a deliberate and calculated plan in an effort to thwart the protections offered to consumers such as Plaintiffs when dealing with a mortgage loan.

21. Defendant Caliber Home Loans has a pattern and practice of violating RESPA.

22. Plaintiffs asked for a payoff and Defendant Caliber Home Loans refused to provide an accurate payoff.

23. Plaintiffs refuse to pay more than they owe on this house and because of that Defendant Caliber Home Loans seek to take their home illegally.

24. The actions and inactions of Defendant Caliber Home Loans violate the TILA, RESPA, as well as state law.

25. Defendant Caliber Home Loans is a servicer under RESPA, including the definition of 12 U.S.C. §2605(i)(2) & (3) as well as 12 C.F.R. §1024.2.

26. Defendant Caliber Home Loans engages in the following conduct as a servicer: asking for periodic monthly payments, handling escrow matters (including insurance and force placed insurance), threatening foreclosure, etc.

27. A company such as Defendant Caliber Home Loans can claim to be an owner or holder of the note and/or mortgage and still be a servicer under RESPA.

28. The loan at issue qualifies under RESPA including 12 C.F.R. §1024.5(a) and 12 C.F.R. §1024.2.

29. TILA applies to Defendant Caliber Home Loans as it claims to be an ultimate assignee from the original creditor and it is acting as a servicer as well and this loan qualifies under TILA and/or Caliber Home Loans claims to be the original creditor.

30. Defendant Caliber Home Loans is collecting on this debt illegally including the fact that the Defendant Caliber Home Loans scheduled an illegal foreclosure on May 16, 2018.

31. Defendants have given a false and inaccurate reinstatement amount and did not do so in a timely way, thereby depriving the Plaintiffs of the right to reinstate their loan before the foreclosure.

32. The threatened foreclosure and other collection activities are illegal and constitute a threat to take action which Defendant Caliber Home Loans were not legally entitled to take or had no intention of taking.

33. The threatened foreclosure and other illegal collection activities are not authorized by the contracts giving rise to the alleged debt.

34. Defendants have refused to follow all conditions precedent to foreclose, including those under the contract, under state law, under federal law, and under the rules and regulations governing this loan.

35. Defendant Caliber Home Loans used false representations and/or deceptive means to collect on this debt.

36. The collection methods employed by Defendant Caliber Home Loans were and are harassing and illegal.

**The Illegally Threatened Foreclosure Of May 16, 2018**

37. Plaintiffs have not received proper notification regarding the alleged foreclosure to occur on May 16, 2018.

38. The foreclosure law firm of Sirote & Permutt, PC has the property listed on its website as scheduled to be sold on May 16, 2018.

**Non-Judicial Foreclosures In Alabama**

39. There are two types of foreclosure in America.

40. By filing a complaint for foreclosure and having the Circuit Court rule that foreclosure is proper.

41. This is known as a "judicial foreclosure."

42. Florida, for example, is a judicial foreclosure state where tens of thousands of foreclosures have been filed in the Circuit Courts.

43. The other way is a "non-judicial foreclosure" and this is used almost 100% of the time in residential foreclosures in Alabama.

44. In a non-judicial foreclosure, the Alabama Supreme Court has repeatedly reminded mortgage companies and foreclosure lawyers that the mortgage and the law must be strictly complied with in order to have the benefit of a non-judicial foreclosure.

45. A non-judicial foreclosure is of great advantage to mortgage companies, as they do not have to file a lawsuit.

46. Instead, it is akin to a vehicle repossession where there is no court involvement – hence the name of "non-judicial" foreclosure.

47. To get this great advantage, the mortgage company must strictly comply with all steps and laws.

48. Here are the steps that must be strictly complied with in order to do a non-judicial foreclosure.

49. <u>First</u>, the homeowner must truly be in default of an existing unpaid loan.

50. <u>Second</u>, the mortgage company must send a default letter (notice of default) that strictly complies with the mortgage. In this case, that is paragraph 24 of the mortgage.

51. <u>Third</u>, if the homeowner does not cure the default, then the loan must be accelerated in accordance with paragraph 24 of the mortgage.

52. <u>Fourth</u>, the foreclosure date must be properly set and advertised in a newspaper in Colbert County for three consecutive weeks.

53. <u>Fifth</u>, the notice of sale must be sent to homeowner.

54. If any step is not done strictly in compliance with the law and the mortgage, then the attempted foreclosure fails and is invalid.

### **Defective Default Letter (Notice Of Default)**
### **Means No Foreclosure Can Occur**

55. No proper default letter was sent as required by the law and the mortgage.

6

56. As simply one example of many, the default letter must inform the Plaintiffs that they have the right to bring a court action to assert a defense to a default or acceleration or foreclosure.

57. No default letter from Caliber Home Loans has done this.

58. The Alabama Supreme Court ruled in September 2017 in *Turner v. Caliber Home Loans* that defective default letters make any foreclosure flowing from it invalid.

### This Lawsuit Is Brought Under The Mortgage For A Court To Determine The Validity Of Any Default, Acceleration or Foreclosure

59. There is no default that would allow an acceleration or foreclosure.

60. Defendant Caliber Home Loans never has owned this debt as there was no valid transfer of the debt or the mortgage to Defendant Caliber Home Loans, and Defendant Caliber Home Loans has not properly followed the rules and laws in order to foreclose.

61. Defendant Caliber Home Loans has not sent a valid default notice as required by paragraph 24 of the mortgage.

62. Defendant Caliber Home Loans has not sent a valid acceleration notice as required by paragraph 24 of the mortgage.

63. Defendant Caliber Home Loans has not sent a valid copy of the foreclosure sales notice as required by paragraph 24 of the mortgage and/or Alabama law.

### Remaining Factual Allegations

64. After Defendant Caliber Home Loans allegedly took over the loan, Defendant Caliber Home Loans decided to take Plaintiffs' house in an illegal foreclosure sale.

65. No proper default letter was sent as required by the mortgage to do a foreclosure.

66. No proper acceleration letter was sent as required by the mortgage to do a foreclosure.

67. No proper notice of sale was sent to Plaintiffs, as required by the mortgage.

7

68. Defendant Caliber Home Loans refused to properly offer loss mitigation options as required by RESPA.

69. RESPA requires that available loss mitigation options be presented to Plaintiffs.

70. Defendant Caliber Home Loans refused to do so.

71. Plaintiffs have the right to and did send "notice of error" and "request for information" letters under RESPA.

72. Defendant Caliber Home Loans refused to properly and substantively acknowledge and/or respond to the letters.

73. Defendant Caliber Home Loans refused to send mortgage statements each month as required by RESPA and TILA.

74. Even though Defendant Caliber Home Loans claims this is a valid debt and valid mortgage (such that Defendant Caliber Home Loans has and still is threatening to foreclose), Caliber Home Loans refuse to treat this as such as they refuse to send monthly mortgage statements.

75. Defendant Caliber Home Loans has a <u>pattern and practice</u> of violating RESPA, TILA, and state law.

76. This is not an oversight on the part of Defendant Caliber Home Loans but instead is a deliberate and calculated plan in an effort to thwart the protections offered to consumers such as Plaintiffs when dealing with an alleged mortgage loan.

77. Defendant Caliber Home Loans believes that very few, if any, consumers will take action based upon their violation of Federal and state laws.

78. The actions and inactions of Defendant Caliber Home Loans violate the TILA and RESPA as well as state law.

8

79. The threatened foreclosure and other illegal collection activities are not authorized by the contract giving rise to the alleged debt.

80. Defendant Caliber Home Loans used false representations and/or deceptive means to collect on this debt.

81. The collection methods employed by Defendant Caliber Home Loans were and are harassing and illegal.

82. As a direct result of the acts complained of against Defendant Caliber Home Loans, Plaintiffs have been caused to suffer, and will continue to suffer great mental anguish, damage to Plaintiffs' reputation, economic and emotional damages and claim from Defendant Caliber Home Loans all damages allowable under the law.

83. It is understandable and natural and foreseeable that if an improper and illegal threat is made to take a consumer's home, the consumer will find this very upsetting and will suffer emotional distress.

84. Plaintiffs' names have been published in a newspaper and online as facing foreclosure – this has caused great emotional distress as would be expected when false information is published about a consumer in the public.

85. Knowing that Defendant Caliber Home Loans has violated the federal and state laws as well as refusing to follow the contract (mortgage and note), is very upsetting and has caused emotional distress and mental anguish to Plaintiffs.

86. Plaintiffs do not know what other illegal acts Defendant Caliber Home Loans will commit but it is obvious to Plaintiffs that Defendant Caliber Home Loans will continue to illegally collect the debt and attempt to take Plaintiffs' home and this has caused and will continue to cause great emotional distress and mental anguish.

87. All employees and agents of Defendant Caliber Home Loans acted with the line and scope of their employment and/or agency relationship.

88. Defendant Caliber Home Loans has refused to apologize to Plaintiffs for their misconduct against Plaintiffs.

89. There is no right to foreclose and Plaintiffs request this Honorable Court rule that Defendant Caliber Home Loans has no such right to foreclose on May 16, 2018.

90. No Defendant has apologized to Plaintiffs for its misconduct against Plaintiffs.

91. There is no right to foreclose and Plaintiffs request this Honorable Court rule that Defendants have no such right to foreclose.

## COUNT I

### VIOLATIONS OF RESPA AND TILA BY DEFENDANTS

92. All paragraphs of this Complaint are incorporated as if fully set forth herein.

93. Defendants are obligated to offer loss mitigation options to Plaintiffs before foreclosing.

94. Defendants refused to do this.

95. Defendants refused to allow Plaintiffs to apply for loss mitigation.

96. Defendants refused to properly review any and all loss mitigation applications/requests by Plaintiffs.

97. Defendants illegally dual tracked.

98. Defendants refused to provide a payoff under the time limits required by law.

99. Defendants refused to provide an accurate payoff.

100. Defendants have refused to send monthly mortgage statements as required by law.

101. Defendants have refused to give proper notice of change in ownership or change in servicing.

102. As a result of this lack of compliance by the Defendants, they are liable to Plaintiffs for actual damages, statutory damages for each violation, costs and attorneys fees.

103. The violations of the law by Defendants have resulted in mental anguish, emotional distress, financial loss, damage to credit, and other damages that will be identified in discovery.

## COUNT II

### BREACH OF CONTRACT BY ALL DEFENDANTS

104. All paragraphs of this Complaint are incorporated as if fully set forth herein.

105. Defendants had a contract with Plaintiffs but Defendants breached any and all contracts with Plaintiffs.

106. For example, Defendants failed to follow paragraph 24 of the mortgage.

107. Defendants failed to send a valid default letter.

108. Defendants refused to send a valid acceleration letter.

109. Defendants refused to accurately advise Plaintiffs of their rights under paragraph 24, as paragraph 24 of the mortgage requires of Defendants.

110. Defendants have refused to strictly follow the requirements of the contracts as well as the law in the default, acceleration, and illegally scheduled foreclosure on May 16, 2018.

111. Defendants have refused to properly credit and/or accept Plaintiffs' payments.

112. The other numerous violations of the contact will be identified in discovery.

113. Plaintiffs have performed under the contract.

114. As a result of Defendants' breach of contract, Plaintiffs are entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendants.

## COUNT III

### DECLARATION THAT FORECLOSURE IS NOT ALLOWABLE

115. All paragraphs of this Complaint are incorporated as if fully set forth herein.

116. Because Defendants have failed to follow the mortgage and state and federal laws (and rules and regulations) and because there is no default, the foreclosure should not be allowed to go forward.

117. Plaintiffs are not in default as alleged by Defendant.

118. Defendants have no right to foreclose.

119. Pursuant to paragraph 24 of the mortgage, Plaintiffs request a determination that foreclosure is not allowed.

## COUNT IV

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT EMPLOYEES/AGENTS BY DEFENDANTS

120. All paragraphs of this Complaint are incorporated as if fully set forth herein.

121. Defendants' employees/agents are allowed and encouraged to break Alabama tort law in order to collect debts and foreclose on homes.

122. The Alabama tort law violated includes: negligence, wantonness, and invasion of privacy.

123. For example, the Defendants know they must follow the mortgage but they allow and encourage their collectors/employees/agents to violate the mortgage as set forth in this Complaint.

124. Defendants know that it is illegal to foreclose but have publicly and privately told Plaintiffs that Defendants will take Plaintiffs' home from Plaintiffs and this constitutes an invasion of privacy under Alabama law as well as negligence and wantonness.

125. Defendants are aware of the wrongful conduct of their agents and/or employees.

126. The actions of Defendants' agents and employees were not done secretly but instead were done openly through letters, calls and even publicly through advertising the foreclosure in a public newspaper and online.

127. Clearly Defendants knew or should have known of the violations of Alabama tort law if Defendants had exercised any due care.

128. As Defendants have not apologized in any way to Plaintiffs, it is apparent that the Defendants intended for Plaintiffs to be treated the way Plaintiffs were treated by Defendants' employees and agents.

129. Despite the knowledge of what was happening, Defendants refused to correct, discipline, supervise or make right the wrongful conduct of their agents and employees who violated Alabama tort law.

130. Instead, Defendants have intentionally (or wantonly or negligently) reaped the rewards of and encouraged their employees and agents to violate Alabama tort law.

131. Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent employees or agents, who were allowed or encouraged to violate Alabama law as was done to Plaintiffs and Defendants are thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

## COUNT V

### NEGLIGENT AND/OR WANTON CONDUCT BY DEFENDANTS

132. All paragraphs of this Complaint are incorporated as if fully set forth herein.

133. Defendants had a duty, and assumed a duty, to treat Plaintiffs fairly and with reasonable care when they decided to threaten to foreclose and advertise publicly an upcoming foreclosure against Plaintiffs.

134. There is no contract between Plaintiffs and Defendants and there is no contractual relationship between Plaintiffs and Defendants.

135. So when Defendants decided to collect money and to threaten and actually schedule a foreclosure, with no contact and not contractual right to do so, they were obligated to proceed with reasonable and due care.

136. Defendants had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiffs when they began to collect against Plaintiffs and threaten foreclosure.

137. Defendants violated all of the duties Defendants had and such violations were made negligently and wantonly.

138. This is especially true as there is not even a contract between Defendants and Plaintiff.

139. It was foreseeable, and Defendants did in fact foresee it, the actions of Defendants would lead and did lead to the exact type of harm suffered by Plaintiffs.

140. Plaintiffs have been damaged by Defendants' wrongful conduct as described in this Complaint.

**COUNT VI**
**INVASION OF PRIVACY BY DEFENDANTS**

141. All paragraphs of this Complaint are incorporated as if fully set forth herein.

142. Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

143. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

144. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

145. Defendants and/or their agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

146. Defendants and their agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt including threatening to take Plaintiffs' property, taking Plaintiffs' money and all other wrongful acts which will come to light in discovery, thereby invading and intruding upon Plaintiffs' right to privacy.

147. This includes any false credit reporting by Defendants on Plaintiffs' credit reports (which was made with malice, wantonness, and/or recklessness), the threats to foreclose, the illegal debt collection, and all other wrongful acts of Defendants as outlined in this Complaint and as will be proven at trial.

148. The plan and scheme carried out by Defendants exceeded the bounds of reasonableness that govern the collection of debts, as there is no right to collect this non existent debt and no right to threaten to foreclose.

149. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

150. The conduct of Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by the Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

151. Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

152. All invasions of privacy acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages as well as nominal and compensatory damages.

## **RELIEF REQUESTED**

**WHEREFORE,** Plaintiffs having set forth their claims for relief against each Defendant, respectfully prays of the Court as follows:

    a.    That Plaintiffs have and recover against each Defendant a sum to be determined by a jury in the form of actual/compensatory damages; nominal damages; punitive

      damages (due to the intentional, reckless, wanton, and malicious conduct); and statutory damages;

b.    That each Defendant be enjoined from further violations of the law against Plaintiffs;

c.    This Honorable Court rule that there is no right to foreclose by Defendants;

d.    That Plaintiffs have reasonable attorney's fees, costs, expenses; and

e.    That Plaintiffs have such other and further and proper relief as the Court may deem just and proper.

Respectfully Submitted,

/s/John G. Watts
John G. Watts (WAT056))
M. Stan Herring (HER037)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiffs**

**PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS CAUSE.**

/s/John G. Watts
**Attorney for Plaintiffs**

**Please serve Defendants by certified mail at the following addresses:**

Caliber Home Loans, Inc.
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

17